IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,177






EX PARTE JAMAL EADEH, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NUMBER 674597 IN THE 208TH JUDICIAL DISTRICT COURT

HARRIS COUNTY





 Per curiam.

O P I N I O N





 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of the felony
offense of capital murder, and punishment was assessed at life imprisonment. Applicant
appealed, and his conviction was affirmed. Eadeh v. State, No. 01-96-00594-CR (Tex. App.
-- Houston, delivered January 6, 2000, no pet.).

 Applicant contends, inter alia, that he was denied an opportunity to file a petition for
discretionary review because his appellate attorney did not timely notify him that his
conviction had been affirmed or that he could seek discretionary review. The trial court,
based upon an affidavit from appellate counsel, found that counsel did not timely inform
Applicant that his conviction had been affirmed or that he could file a petition for
discretionary review from his conviction because counsel did not receive word of affirmance
from the court of appeals until after the time for filing the petition for discretionary review
had expired. The record supports the trial court's findings.

 Accordingly, habeas corpus relief is granted, in part, and Applicant is granted leave
to file an out-of-time petition for discretionary review from his conviction in cause number
674597 from the 208th Judicial District Court of Harris County. Applicant is ordered
returned to the point at which he can file a meaningful petition for discretionary review. For
purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if
the Court of Appeals' decision had been rendered on the day the mandate of this Court
issues. We hold that should Applicant desire to seek discretionary review, he must take
affirmative steps to see that his petition is filed in the Court of Appeals within thirty days of
the date the mandate of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).


DELIVERED: May 18, 2005

DO NOT PUBLISH